IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS L. BRAND, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17cv823-WKW-GMB |
| | ) | [WO] |
| HENRY COUNTY BOARD OF | ) | |
| EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Pending before the court is a Motion to Dismiss for Failure to State a Claim filed by Defendants Lesa Knowles and Chris Padget. Doc. 18. The complaint filed by counsel for Dennis Brand brings claims against Knowles, Padget, and the Henry County Board of Education, but the Board answered the complaint and does not join in the pending motion to dismiss.

Brand brings three counts: denial of the federal constitutional right of equal protection, employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and retaliation pursuant to Title VII. Brand concedes that his Title VII claims cannot be maintained against Padget and Knowles as individual defendants. Doc. 32 at 2; *see also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (holding that a Title VII claim cannot be brought against individual employees).

As to the equal protection claim, the court finds that Brand's complaint does not adequately allege a violation of constitutional rights by Padget or Knowles. Rule 8 requires

a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Brand alleges that Knowles and Padget were Superintendents who "engaged in employment discrimination relative to his inability to obtain promotional opportunities." Doc. 1 at 3. He does not, however, differentiate between actions taken by each defendant. In fact, the complaint states that Brand's right to equal protection has been "violated by Defendant HCBOE," and then refers to the singular "defendant," without referring to either Padget or Knowles by name or title in the equal protection count. Doc. 1 at 5–6. On the face of the complaint, therefore, it is not clear which equal protection claims are asserted against which defendants. *See McCall v. Bank of Am., N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016) (stating that complaints that bring "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure). Brand also impermissibly incorporates by reference the preceding factual paragraphs of his complaint. *Id.* at *2.

It also appears that Brand's claims may not be limited to promotion claims because the factual allegations of the complaint include the claim that Knowles refused to recommend that Brand be compensated based on a differential created by his Education Leadership Certificate, but there is no allegation that any similarly situated white employee was treated differently.

The court also notes that in one sentence within the equal protection count, Brand refers to actions taken based on his age, which appears to be a stray allegation because

there is no other reference to age in the complaint. Doc. 1 at 5.

Finally, the caption of the complaint states that Knowles and Padget are named "individually as Superintendent," but in his brief in response to the motion Brand references claims against the defendants in their individual and official capacities.

Given the state of the complaint, rather than rule on a motion to dismiss at this time, the court will give Brand an opportunity to address the concerns identified in this Order and demonstrate his entitlement to relief in federal court against Knowles and Padget. *See McCall*, 2016 WL 5402748, at *2 (stating that "a failure-to-state-a-claim analysis of the amended complaint would be a matter of guesswork rather than a reasoned decision")

Accordingly, it is hereby ORDERED that Plaintiff has until **July 23, 2018** to file an amended complaint which omits Title VII claims against individual defendants and which addresses the deficiencies identified in this Order by specifying the capacities in which Knowles and Padget are named as defendants, by separately alleging violations of equal protection by each defendant, and by alleging the factual basis of each violation within the equal protection count. The amended complaint should be complete unto itself and should not incorporate by reference any earlier complaint.

Failure to file an amended complaint within the time allowed may result in a recommendation of dismissal of Brand's claims against Defendants Knowles and Padget.

DONE this 9th day of July, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE