IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS L. BRAND, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-823-ALB |
| | ) | |
| HENRY COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Henry County Board of Education's motion for summary judgment. (Doc. 57). Because Plaintiff Dennis Brand's claims are not ripe and he has not produced substantial evidence to support them, the Board's motion is GRANTED.

## **BACKGROUND**

Henry County elects the Board, which is predominantly white. The county also elects the superintendent. Henry County has never elected a black superintendent.

Brand is a black male who has worked for the Board for twenty-nine years and is currently the Career Tech Director. (Doc. 64-1 at 1). During Brand's employment with the Board, he has filed multiple race-based EEOC complaints

against the Board, which he thinks have prejudiced the Board against him. (Doc. 64-1 at 2). Brand wants to be promoted to the position of assistant superintendent.

Chris Padget was elected to be superintendent. Padget, upon becoming the superintendent, decided that he did not want an assistant. The assistant's primary duties have been either filling in for or accepting delegated duties from the superintendent. Padget testified that an assistant seemed unnecessary because he is rarely out of the county, and when he is, he can be reached by cell phone. (Doc. 59-1 ¶5).

After Padget was elected superintendent, one of the Board members, Emanuel Davis, asked him whom he would recommend for assistant superintendent. Padget replied that he did not plan to recommend anyone, but if he did, it would not be Brand because of Brand's problems dealing with employees in the school system. (Doc. 59-1 at 4). The Board provided documents showing problems with Brand's leadership in previous assignments with the County's education system. (Doc. 59-1 at 17–25).

No one occupies the position of assistant superintendent. It was never advertised as an open position and no one was hired to fill it.

Brand filed suit against the Board because of the Board's failure to promote him to assistant superintendent. The Board has usually had an assistant superintendent, but Brand recalls at least three years without one. (Doc. 64 at 2).

Brand testified that the assistant superintendent position has never before been posted or required an application, and the position frequently serves as a steppingstone to being elected as superintendent. (Doc. 64-1 at 1–2).

Brand asserts that the real reason Padget left the position vacant is because of Brand's age, race, and previous EEOC complaints.

In Brand's Second Amended Complaint, he brings two Title VII claims against the Board: one for race-based discrimination and another for retaliation.

## STANDARD

The court will grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). The court does not weigh the facts. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1994). But the court will determine "whether … there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere scintilla of supporting evidence is insufficient. *Id.* at 252.

The moving party need not produce evidence disproving the opponent's claim; instead, the moving party must demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In turn, the

3

nonmoving party must go beyond mere allegations to offer specific facts showing a genuine issue for trial exists. *Id.* at 324. When no genuine issue of material fact exists, the court determines whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## DISCUSSION

The parties do not dispute that the Board has never posted or accepted applications for the assistant superintendent position. The issues at the heart of the parties' dispute are (1) whether this case is ripe for adjudication; (2) whether a cause of action exists for failure to post or open a position; and (3) whether Brand has adduced substantial evidence that the Board's failure to make him assistant superintendent was on the basis of a protected characteristic.

### I. Brand's Case is Not Justiciable

Brand's claim is not justiciable at this time. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution limits the "judicial Power"—and thus the jurisdiction of the federal courts—to "Cases" and "Controversies." *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc).

One way to think of the justiciability issue in this case is under the rubric of "ripeness." Ripeness is a "justiciability doctrine designed 'to prevent the courts,

through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]'" *Wollschlaeger v. Governor of Florida*, 848 F.3d 1293, 1304 (11th Cir. 2017) (en banc) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (citation omitted)). In assessing whether a dispute is concrete enough to be ripe, we "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Id.* (quoting *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808). In essence, the "court asks whether this is the correct *time* for the complainant to bring the action." *Wilderness Soc. v. Alcock*, 83 F.3d 386, 390 (11th Cir. 1996) (citing Erwin Chemerinsky, Federal Jurisdiction §2.4.1 (1989)).

Another way to think of the justiciability issue is whether Brand has "standing" to bring his claim *at this time*. To establish standing, a plaintiff must demonstrate that he has suffered an "injury in fact"—"an invasion of a legally protected interest that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'"—and that "it is likely, not merely speculative, that a favorable judgment will redress her injury." *Lewis*, 944 F.3d at 1296 (cleaned up). The constitutional component of ripeness is often treated under the rubric of standing because the question of ripeness coincides with these prongs of the standing analysis. *See, e.,g.*, Gene R. Nichol, Jr., Ripeness and the Constitution, 54 U. Chi. L. Rev.

153, 172 (1987); Henry P. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973).

Whether because of ripeness or standing, Brand's claims are not justiciable. Brand's claims boil down to an abstract disagreement that is not susceptible to a judicial resolution or remedy. Neither party disputes that the Board has never posted the assistant superintendent position or accepted applications for it. Brand was not denied the position; the position was simply not filled. If the Court were to order the Board to open the position and accept applications, the order would not provide meaningful relief to Brand. He would go through the application process but not necessarily be awarded the position. This abstract question without a meaningful judicial remedy is precisely the type that is unfit for judicial review. *See, e.g.*, *Lewis*, 944 F.3d at 1301–1305. Brand's failure-to-promote claim is not justiciable until someone else is awarded the position of assistant superintendent.

## II. Brand Cannot Make Out a Prima Facie Case

Even if Brand's case were justiciable, he cannot make out a prima facie case. To make a prima facie case for employment discrimination, Brand must show (1) he belonged to a protected class; (2) he applied and was qualified for a position for which the employer was accepting applications; (3) despite being qualified, he was not selected for the position; and (4) after his rejection, the employer either kept the position open or filled it with a person outside of the protected class. *Brown v.*

*Huntsville City Bd. of Educ.* 324 F.R.D. 239, 250 (N.D. Ala. 2018); *see Trask v. Sec., Dep't of VA*, 822 F.3d 1179, 1191 (11th Cir. 2016). Brand's prima facie case for retaliation requires a similar showing that (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action, such as a failure-to-promote; and (3) the protected activity and adverse employment action were causally linked. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). The burden then shifts to the defendant, who must provide a legitimate, non-discriminatory reason for the plaintiff's adverse employment action. *Brown*, 324 F.R.D.at 250; *Trask*, 822 F.3d at 1191. The plaintiff may rebut this reason with substantial evidence that it was a mere pretext for discrimination. *Brown*, 324 F.R.D. at 250; *Trask*, 822 F.3d at 1191.

An employer has not engaged in an adverse employment action when the employer fails to promote an employee to a non-existent position. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1137 (10th Cir. 2004) ("An employer's failure to promote a plaintiff to a non-existent position is not enough to support a presumption of intentional racial discrimination."). In *Hogan v. South Georgia Medical Center*, the Eleventh Circuit addressed a hospital's decision to reassign a manager's duties rather than post the manager's position as vacant. When an employee sued for failure-to-promote, the Eleventh Circuit held that his claim failed because he had not shown that the position existed to which he claims he was entitled. 749 F. App'x

924, 927, 930 (11th Cir. 2018) (per curiam). Like the employee in *Hogan*, Brand alleges his employer failed to promote him despite the employer never having posted the job.

When taking the facts in the light most favorable to the plaintiff, the Court holds that Brand has not made a prima facie case.

### III. The Board Provided a Legitimate, Non-discriminatory Reason to Not Promote Brand, and There is No Evidence of Pretext

Even if Brand could make a prima facie case, his claim would still fail because the Board had a legitimate, non-discriminatory reason not to promote him to the position of assistant superintendent, which Brand has not shown was pretextual. When an employee makes a prima facie case, the employer may rebut it by showing a legitimate, non-discriminatory reason for the adverse employment action. *Earley*, 907 F.2d at 1082. This burden is "exceedingly light." *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997) (per curiam), *abrogated on other grounds by Lewis v. City of Union City*, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc).

Here, Padget told Davis he would not consider promoting Brand to assistant superintendent because (1) he did not need anyone in the position and (2) Brand, in particular, had documented problems dealing with employees in the school system. These justifications are sufficient to meet the Board's "exceedingly light" burden to provide a legitimate, non-discriminatory reason for not promoting Brand. Once the employer provides a legitimate, non-discriminatory reason, the employee may rebut

with evidence showing that the reason was a mere pretext. *Earley*, 907 F.2d at 1082. But here, Brand has not attempted to rebut Padget's reasons for not promoting Brand.

## CONCLUSION

Based on the above reasoning, the Board's Motion for Summary Judgment is GRANTED. A final judgment will be entered by separate order.

**DONE** and **ORDERED** this 24th day of February 2020.

_____/s/ Andrew L. Brasher_____
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE
